THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLAN BENDER, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>　　　　　　　　　Defendant. | CASE NO. C22-1765-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.　　**BACKGROUND**

Plaintiff Lindsay Bender was involved in a car collision in December 2021. (Dkt. No. 1-1 at 2.) At that time, she and her husband, Dylan Bender, were covered by an automobile policy issued by Defendant. (*Id.*) After the collision, Ms. Bender contacted Defendant to notify it of the accident. (*Id.*) Defendant denied coverage, citing the fact that she had just completed a DoorDash food delivery shortly before the accident. (*Id.* at 3.) In August 2022, Plaintiffs sent Defendant a copy of a collection agency demand for $8,275.59 that they had received from the other driver's insurance company. (*Id.* at 4.) Defendant reiterated its denial. (*Id.* at 6.) Shortly thereafter Plaintiffs provided Defendant with Insurance Fair Conduct Act ("IFCA") notice. (*Id.*)

Unable to resolve the issue with Defendant, Plaintiffs then filed suit in King County Superior Court, asserting claims for breach of contract, bad faith, and violations of the Washington Consumer Protection Act ("CPA") and IFCA. (*See generally* Dkt. No. 1-1.) That complaint did not state a specific amount of damages. (*Id.*) Shortly thereafter, Defendant filed a notice of removal under 28 U.S.C. § 1446. (Dkt. No. 1.) Plaintiff now moves to remand, arguing the amount in controversy does not exceed the jurisdictional minimum. (Dkt. No. 11.)

## II. DISCUSSION

### A. Legal Standard

A federal court has subject matter jurisdiction for civil actions where the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A party to a civil action brought in state court may remove the case to federal court if the district court would have original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a). Where the amount in controversy is unclear from the face of the complaint, the defendant may provide a short and plain statement including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff contests the amount in controversy, the defendant must show by a preponderance of the evidence that it meets the requirement. *Id.* at 88 (citing 28 U.S.C. § 1446(c)(2)(B)). The parties may submit outside evidence, including affidavits or declarations in support. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The defendant may rely on reasonable assumptions in showing the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

### B. Amount in Controversy

Given that no one questions the diversity of the parties, the issue presented here is whether the amount in controversy exceeds the jurisdictional requirement. This amount includes damages, both compensatory and punitive, and attorney fees under fee-shifting statutes.

*Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

In its notice of removal, Defendant provides reasonable estimates for the amount in controversy in this case. First, it points to Plaintiffs' claim for breach of contract. (Dkt. No. 1 at 3.) Defendant filed evidence that Plaintiffs seek indemnification from potential third-party liability, which Plaintiffs assert Defendant is liable for in the amount of $8,175.59. (Dkt. Nos. 1 at 3, 3 at 48–51.) Defendant also notes that Plaintiffs seek payment for the damage to their car in the amount of $7,141.85.[1] (*Id.*) Plaintiffs also ask for treble damages under IFCA. (Dkt. No. 1-1 at 11.) In such instances, the Court considers the trebled amount to determine the amount in controversy. *See Wilson v. Geico Indemnity Co.*, 2018 WL 3594474, slip op. at 2 (W.D. Wash. 2018) (collecting cases); *cf. Sak v. State Farm Ins. Co.*, 2013 WL 4094350) (remanding because defendant did not set forth *any* facts establishing the amount in controversy). Therefore, after trebling the estimated damages, the total amounts to roughly $45,000.

Additionally, the CPA permits a statutory damage award, not to exceed $25,000. RCW 19.86.090. And here, Plaintiffs claim multiple CPA violations. Just one, combined with potential IFCA damages, places the amount in controversy at roughly $70,000.

Also, IFCA also provides for attorney fees.[2] Wash. Rev. Code. § 48.30.015. Defendant has put forth evidence, unrebutted by Plaintiffs, that attorney fees are likely to raise the amount in controversy over the $75,000 threshold. (*See* Dkt. No. 12 at 11–12.)

Finally, Defendant filed a praecipe to its response, which includes Plaintiffs' initial disclosures. (Dkt. No. 18.) In the disclosure, Plaintiffs estimate actual damages to be $18,239.25.

---

[1] This figure is the amount of damage requested by the third-party for damage to the other car involved in the collision. (Dkt. No. 3 at 50–51.) To support its claim, Defendant provides photo evidence that the damage to Plaintiffs' car was significantly worse than the damage to the other car. Plaintiffs provide no additional evidence to rebut this claim. Therefore, it is a reasonable assumption that damages to Plaintiffs' car exceed this number.

[2] The CPA also provides for attorney fees; however, CPA awards, including attorney fees, are capped at $25,000. Wash. Rev. Code § 19.86.090.

ORDER
C22-1765-JCC
PAGE - 3

1  (Dkt. No. 19-1 at 6.) They also note they intend to seek treble damages under IFCA, the statutory
2  limit of $25,000 under the CPA, and attorney fees. (*Id.* at 7.) This information further supports
3  the evidence put forth by Defendant.
4      Accordingly, the Court finds the amount in controversy requirement has been satisfied.

5  **III.   CONCLUSION**

6      For the foregoing reasons, Plaintiffs' motion for remand (Dkt. No. 12) is DENIED, along
7  with their request for attorney fees.[3]

8      DATED this 2nd day of March 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Absent unusual circumstances, courts generally only award fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant has shown it had a reasonable basis for removal.