THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLAN BENDER and LINDSAY BENDER, | CASE NO. C22-1765-JCC |
| Plaintiffs, | ORDER |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion for reconsideration (Dkt. No. 60) of the Court's order granting Defendant summary judgment (Dkt. No. 58). Having considered the motion, the relevant record, and the applicable law, the Court DENIES the motion.

Pursuant to the Local Rules, "[m]otions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). A manifest error is one that is "plain and indisputable." *Unimax Commc'ns LLC v. T-Mobile USA Inc.*, 2024 WL 3431165, slip op. at 1 (W.D. Wash. 2024).

Plaintiffs' motion, however, makes no showing of manifest error in the Court's prior order. As the Court found, the key fact here is that Plaintiff was logged on to the DoorDash

1  application and available as a delivery driver at the time of the automobile accident. (Dkt. No. 58
2  at 2) (*see also* Dkt. No. 42-4 at 3) (DoorDash time log). Plaintiffs misconstrue the meaning of
3  "availability" as a factual dispute. (Dkt. No. 60 at 2.) But interpretation of the insurance policy
4  and its terms is a legal question, *McDonald v. State Farm Fire and Cas. Co.*, 837 P.2d 1000,
5  1003 (Wash. 1992), and one the Court resolved against them. (*See* Dkt. No. 58 at 4–5.) Plaintiffs
6  cannot now invent factual disputes over the DoorDash application when these were resolved on
7  the record. (*See* Dkt. Nos. 43-2 at 17, 51 at 2.) And Plaintiffs certainly should not misquote the
8  Court. (*See* Dkt. No. 60 at 3) (misattributing the word "admitted" to the Court's prior order). The
9  Court correctly found that the key facts were not in dispute, (Dkt. No. 58 at 1–3), and does not
10 find now that its prior order suffered from manifest factual errors.

11    This only leaves the possibility of a legal error, and Plaintiffs submit several. For one,
12 Plaintiffs contend that the policy was ambiguous as to the ride sharing exclusion. (Dkt. No. 60 at
13 5–7.) But the Court already considered these arguments, (*see* Dkt. No. 58 at 4) (finding that the
14 policy set an unambiguous, objective standard for availability), and will not "rethink what it
15 ha[s] already thought through." *Hill v. Xerox Bus. Srvs., LLC*, 2024 WL 2943821, slip op. at 1
16 (W.D. Wash. 2024). Plaintiffs also try to relitigate the propriety of Defendant's initial denial of
17 the insurance claim, (Dkt. No. 60 at 4), but it was supported by contemporary and subsequent
18 evidence, which Defendant reasonably investigated at each new submission. (*See* Dkt. No. 58 at
19 6.) Again, there was no "fail[ure] to investigate." *Aecon Bldgs., Inc. v. Zurich N. Am.*, 572 F.
20 Supp. 2d 1227, 1235 (W.D. Wash 2008).

21    Finally, Plaintiff argues that the Court did not address Defendant's duty to defend against
22 another driver in the accident, Mr. Cruzan. (Dkt. No. 60 at 7–8.) However, the Court found that
23 "the insurance policy unambiguously excludes coverage here." (Dkt. No. 58 at 5) (citing *Nat'l*
24 *Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 691 (Wash. 2013) (the "duty to defend . . . is not
25 triggered by claims that clearly fall outside the policy"). And a court need only look to the "eight
26 corners" of the insurance policy and the demand letter against the insured to determine whether a

duty to defend attaches. *See Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017). Here, the policy was clear: it excludes from coverage drivers that are logged in and available on applications like DoorDash. (Dkt. No. 44-2 at 12.) The demand letter from Mr. Cruzan was also clear: the accident occurred at 9:45 AM on December 1, 2021, with a "Dasher." (Dkt. No. 55 at 27.) Plaintiff was logged on and available at the time of the accident. Therefore, there are no facts under which Mr. Cruzan could have conceivably raised the duty to defend. *See Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007).

Accordingly, the Court DENIES Plaintiffs' motion for reconsideration (Dkt. No. 60).

DATED this 7th day of April 2025.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-1765-JCC
PAGE - 3